MEMORANDUM **
In these consolidated petitions for review, Salvación Tenedor Ozoa and Raymundo Melon Ozoa, husband and wife and natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing them appeal from an immigration judge’s decision denying their motion to reopen based on ineffective assistance of counsel and denying their motion to reopen to apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, including those resulting from ineffective assistance of counsel. See Lin v. Ashcroft, 377 F.3d 1014, 1023 (9th Cir.2004). We grant the petition for review in No. 05-72806 and we deny in part and dismiss in part the petition for review in No. 08-70123.
We disagree with the agency’s conclusion that petitioners had to comply with the requirements in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), for asserting a claim of ineffective assistance of counsel where petitioners’ attorney’s ineffective assistance was plain on the face of the record because he failed to timely file a notice of appeal. See Castillo-Perez v. INS, 212 F.3d 518, 525-26 (9th Cir.2000). Petitioners’ attorney’s failure to file a notice of appeal resulted in prejudice. See Siong v. INS, 376 F.3d 1030, 1038-39 (9th Cir.2004).
The BIA did not abuse its discretion in denying petitioner’s motion to reopen to adjust status as untimely because it was filed more than two years after the BIA’s April 14, 2005, order, and petitioners have failed to establish that an exception to the regulatory filing deadline applied. See 8 C.F.R. § 1003.2(c)(2)-(3). Petitioners’ contention that the denial of their motion violated due process therefore fails. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).
We lack jurisdiction to review petitioners’ contention that the BIA should have equitably tolled the statutory and regulatory deadlines because they failed to exhaust this argument before the agency. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
We lack jurisdiction to review the BIA’s decision not to invoke its sua sponte authority to reopen proceedings. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir. 2002).
Petitioners’ motion to hold the case in abeyance is denied.
In 05-72806, PETITION FOR REVIEW GRANTED.
In 08-70123, PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.